IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARIO FABRIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-646-RJD-DWD |
| | ) |
| **CITY OF CHRISTOPHER, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly, recommending that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 3) be denied without prejudice and that his Motion for Recruitment of Counsel (Doc. 4) be found as moot. The R&R was entered on June 9, 2023. No objections have been filed. For the reasons stated below, the Court **ADOPTS** the R&R.

Where neither timely nor specific objections to the R&R are made, this Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the R&R for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court has carefully reviewed Judge Daly's Report and Recommendation and agrees with her conclusion that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* should be

denied without prejudice, and that his Motion for Recruitment of Counsel should be found as moot. All of Plaintiff's alleged claims are subject to a two-year statute of limitations period. 735 ILCS § 5/13-202; *see Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citations omitted); *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). The allegations in the complaint occurred on or around August 28, 2020, or, at most, a "couple" of weeks thereafter. Plaintiff, however, signed and filed his complaint on February 23, 2023 – almost six months after the statute of limitations deadline expired for the incidents that occurred on August 28, 2020, and more than five months after the statute of limitations deadline expired for incidents occurring a "couple" of weeks thereafter. As such, the Court agrees that Plaintiff's claims are time-barred under the statute of limitations.

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Daly's Report and Recommendation (Doc. 7). Accordingly, the Court ORDERS as follows:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 3) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **TERMINATED** as **MOOT**.

3. Plaintiff's complaint is **DISMISSED** without prejudice.

4. Plaintiff shall have 30 days to file an amended complaint that sets forth factual allegations against the named defendants that occurred within two years of the date this action was filed. Plaintiff may also refile his Motion for Leave to Proceed *in Forma Pauperis*.

5. If Plaintiff does not file an amended complaint by that date, this action shall be dismissed with prejudice and without further notice.

**SO ORDERED.**

Dated: August 17, 2023

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge
